**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **EDUARDO ALVAREZ PEREZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-758-KC** |
| | § | |
| **WARDEN, EL PASO SERVICE** | § | |
| **PROCESSING CENTER et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

On this day, the Court considered the case.  Yamis Alvarez ("Yamis") filed a Petition for

Writ of Habeas Corpus, ECF No. 1, on behalf of her father, Eduardo Alvarez Perez.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by

the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.

But "[c]ourts do not automatically grant 'next friend' status under § 2242 to anyone that seeks to

pursue an action on behalf of a petitioner."  *Romanov ex rel. Romanova v. Frink*, No. 25-cv-

3133, 2025 WL 2162290, at *2 (S.D. Tex. July 30, 2025) (citing *Whitmore v. Arkansas*, 495 U.S.

149, 163–64 (1990)).  To proceed as "next friend" the individual must establish: (1) "an adequate

explanation such as inaccessibility, mental incompetence, or other disability of why the real

party in interest cannot appear on his own behalf" and (2) that the "next friend" is "truly

dedicated to the best interests of the person" and has "some significant relationship with the real

party in interest."  *Page v. Hogans*, No. 15-cv-597, 2017 WL 11810133, at *1–2 (S.D. Miss.

Sept. 5, 2017).  "Inability to understand the English language or the situation, particularly in the

case of aliens, impossibility of access to the person, or mental incapacity are all illustrations of

the proper use of the 'next friend' application." *Weber v. Garza*, 570 F.2d 511, 514 n. 4 (5th Cir. 1978).

Here, Yamis likely meets the second element, as she has a significant relationship with Alvarez Perez and seeks his release. As for the first element, Yamis does not provide a reason for why Alvarez Perez cannot proceed on his own behalf. *See generally* Pet. The Court receives many petitions filed by detainees at the same facility where Alvarez Perez is incarcerated— therefore, the simple fact of his detention, without more, is insufficient to allow him to proceed through a next friend. The Court thus exercises its discretion to order a supplemental filing to determine whether Yamis may proceed as "next friend" on behalf of Alvarez Perez. *See Lonchar v. Thomas*, 517 U.S. 314, 325 (1996) (quoting Habeas Rule 4 and citing Habeas Rule 7) (recognizing that district courts have "ample" discretion to "take such other action as the judge deems appropriate" and to "order expansion of the record").

Accordingly, the Court **ORDERS** that, **by no later than April 8, 2026**, either:

(1) Yamis must **FILE** written notice detailing why Alvarez Perez cannot proceed with this petition for a writ of habeas corpus on his own behalf, or

(2) Alvarez Perez must **FILE** written notice expressing his intent to proceed with this petition pro se.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send this Order to both Yamis and Alvarez Perez via certified and regular mail at the following addresses:

Yamis Alvarez
3110 Turkey Creek Rd.
Plant City, FL 33566

Eduardo Alvarez Perez
A-235-669-186
El Paso Service Processing Center
8915 Montana Ave.

El Paso, TX 79925

**SO ORDERED**.

**SIGNED this 19th day of March, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE